# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30544
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVARISTUS B. MACKEY, JR., also known as Reginald Fountain, also known as Reese Mackey,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-316-1

Before CLEMENT and PRADO, Circuit Judges.[*]

PER CURIAM:[**]

Evaristus B. Mackey, Jr., federal prisoner # 26836-034, filed a notice of appeal in the district court but failed to identify any order or judgment by the district court that he sought to appeal.  The district court therefore certified that the appeal was not taken in good faith and denied Mackey leave to proceed

---

[*] This order is being entered by a quorum of this court pursuant to 28 U.S.C. Section 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30544

in forma pauperis (IFP) on appeal.  On appeal, Mackey states that he is seeking review of his convictions for being a felon in possession of a firearm, for which he was sentenced to a total of 327 months of imprisonment and five years of supervised release.  He moves for leave to proceed IFP and release pending appeal.

Mackey's convictions were previously affirmed on direct appeal.  The instant appeal is, therefore, without merit and, thus, frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motions are DENIED, and the instant appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

Mackey's frivolous IFP motion demonstrates that he has failed to heed our prior warnings that unauthorized, repetitive, or frivolous motions could result in sanctions and that previously imposed sanctions of $100 and $200 did not deter him.  *See In re Mackey*, No. 14-30927 (5th Cir. Sept. 8, 2014); *In re Mackey*, No. 11-30482 (5th Cir. Aug. 31, 2011).  Accordingly, he is ORDERED to pay a sanction in the amount of $400 to the Clerk of this Court, and he is BARRED from filing in this court or in any court subject to this court's jurisdiction any challenge to this conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge.  Mackey is again WARNED that filing any future unauthorized, repetitive, or frivolous challenges to his convictions or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.